## HANFORD v. HANFORD.

A divorce for adultery will not be granted upon the testimony of a physician
disclosing information which he has acquired in the course of his professional
employment; such testimony being prohibited by statute. But the case
may go back to a master for further proofs.

*April* 27,
1841.

*Divorce.
Testimony
of a physi-
cian.*

CASE of divorce, in which the evidence of adultery mainly
rested on the testimony of a medical man, who had had the
defendant under his hands as a patient.

THE VICE-CHANCELLOR remarked :—The master erred in
taking the testimony of the physician.   Such a witness should
not have been allowed to make such a disclosure.   It is ex-
pressly forbidden by the statute ; and where a physician un-
dertakes to disclose matters which came to his knowledge
while professionally employed, his deposition must be rejected.
(*Johnson* v. *Johnson,* 4 Paige, 460.)   Reject this testimony
and there is no proof that the defendant has ever committed an
act of adultery.   The evidence, without that of the physician,
is, that this woman has become a drunkard and exposed her-
self in the streets in a state of intoxication.   That she was
sometimes found near the doors of houses of ill fame.   Being
found in such places and under such circumstances is enough
to create suspicion that she might have been easily led astray
and taken into improper places of that description ; but the
husband cannot be permitted to infer adultery.   When he
found his wife addicted to intoxication, it appears he used no
means to restrain her, but let her go her own way ; and a wo-
man who attended to his domestic affairs said that when the
wife was in liquor her husband took no pains to regulate her
conduct and acted as if he was willing to let her proceed and

commit excesses of any sort for the purpose of getting rid of her by means of a divorce. If, however, he can prove, as he alleges, that she was in the habit of committing adultery, without his connivance or procurement, I suppose he is entitled to a decree. But, as the case now stands, the evidence doesnot warrant it. The case may go back to the master for further proofs.